UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:21-CV-92-PPS<br>) |
| J&F CONSTRUCTION, LLC, SOPHIA SULEIMAN, Individually and as mother and as custodial parent of her minor child J.S., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, Atlantic Casualty Insurance Company, filed a motion for summary judgment in this declaratory action seeking a declaration that it has no duty to defend or indemnify the Defendant, J&F Construction, in a state court lawsuit.  [DE 39.]  I didn't hear boo from J&F Construction so I ordered a response in which I was told it was not in "J&F's interest to file a response to the Motion for Summary Judgment as to do such was very likely futile." [DE 50 at 1.]  It's a curious way to proceed.  If the issue was so straight-forward, and it was clear that Atlantic Casualty was entitled to summary judgment, why not just consent to a judgment and avoid the rigamarole?  Anyway, it is plain that Atlantic Casualty's evidence establishes, as a matter of law, that the insurance policy at issue was not in effect at the time of the accident and does not provide coverage for the claims asserted in the underlying lawsuit.  Summary judgment will therefore be granted to Atlantic Casualty and a declaration made that it has no duty to defend or indemnify J&F Construction in relation to the underlying lawsuit.

**Background**

In support of its motion, Atlantic Casualty has offered facts they say are not genuinely disputed, supporting each by a citation to particular parts of the evidence of record, as required by Rule 56(c)(1)(A).  [*See* Statement of Material Facts, DE 41.]  Here's what they tell me: the underlying lawsuit in this case was filed by Sophia Suleiman, individually and on behalf of her child, in Lake County, Indiana Superior Court.  [DE 41 ¶ 9.]  She sued J&F Construction and other named defendants in the lawsuit captioned *Sophia Suleiman, Individually and as Mother and Custodial Parent of her Minor Child [J.S.] v. Midwest Real Properties, et al.*, case number 45D10-1808-CT-000386.  In that underlying lawsuit, Suleiman brings negligence claims against J&F Construction arising out of J&F's installation of windows.  [DE 1 at 3.]  Specifically, the underlying complaint alleges that on August 2, 2017, a five year old child opened the window in Apartment D at a property located in Merrillville, and Suleiman's two year old child fell from the second floor to the ground suffering painful and debilitating injuries. [DE 1-1 at 5.] Suleiman alleges in her state court case that J&F Construction installed the windows and did so in a negligent manner since there were no safety locks or other features to prevent a child from opening the windows.  *Id.*

J&F Construction submitted the complaint in the underlying lawsuit to Atlantic Casualty, and requested defense and indemnity.  Atlantic Casualty agreed to defend J&F Construction under a reservation of rights. [DE 41 ¶ 12.]  Atlantic Casualty issued general insurance coverage to J&F Construction under policy number L106003803, with

2

effective dates of July 25, 2016 to July 25, 2017. [*Id.* ¶ 1.] The Policy was not renewed, and it expired on July 25, 2017. [*Id.* ¶ 2.] J&F Construction later obtained another insurance policy through Atlantic Casualty, policy number L106004583, with effective dates of February 9, 2019, to February 9, 2020. [*Id.* ¶ 3.] Atlantic Casualty did not issue a policy to J&F Construction that was in effect on the date of the accident, August 2, 2017. [*Id.* ¶ 4.] Both the Policy issued in 2017 and the Policy issued in 2019 have identical language, covering bodily injury only if it "occurs during the policy period." [*Id.* ¶¶ 5-8.]

In the present action, Atlantic Casualty has sued both J&F Construction and Suleiman seeking a declaration it has no duty to defend or indemnify J&F Construction in the state court action because no policy was in effect at the time of the accident. Neither J&F nor Suleiman filed any opposition to Atlantic Casualty's motion. Therefore, I consider the properly supported facts set out above to be undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

## Discussion

Let's start with some legal basics. The interpretation of an insurance policy, like other contracts, is typically a question of law that I can resolve on summary judgment. *Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 243 (Ind. 2000). When interpreting an insurance policy, my goal is to ascertain and enforce the parties' intent as reflected in the insurance contract. *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315, 318 (Ind. Ct. App. 2009). If the policy language is clear and unambiguous, it should be given its

3

plain and ordinary meaning. *Am. States Ins. Co. v. Adair Indus., Inc.*, 576 N.E.2d 1272, 1273 (Ind. Ct. App. 1991).

An insurance company's duty to defend is broader than its duty to indemnify. *Seymour Mfg. Co., Inc. v. Commercial Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996). An insurer is obligated to defend its insured against suits alleging facts that might fall within the coverage of the policy. *Fed. Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 566 (7th Cir. 1997). "[T]here is essentially only one standard - that the allegations of the complaint, including the facts alleged, give rise to a duty to defend whenever, if proved true, coverage would attach." *Id.* Only if there is no possible factual or legal basis on which the insurer might be obligated to indemnify will the insurer be excused from defending its insured. *See Ticor Title Ins. Co. of Cal. v. FFCA/IIP 1988 Prop. Co.*, 898 F. Supp. 633, 638-39 (N.D. Ind. 1995) (if there is a possibility of coverage, the insurer is obligated to defend; however, "when the underlying factual basis of the complaint, even if proved true, would not result in liability under the insurance policy, the insurance company can properly refuse to defend.").

In other words, "where an insurer's independent investigation of the facts underlying a complaint against its insured reveals a claim patently outside of the risks covered by the policy, the insurer may properly refuse to defend." *Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007) (citation omitted). This is true if the pleadings demonstrate that "a claim is clearly excluded under the policy, then no defense is required." *Id.*

4

The first place to look when trying to determine the insurer's duty to defend is the allegations contained within the complaint and from those facts known or ascertainable by the insurer after reasonable investigation. *Knight v. Ind. Ins. Co.*, 871 N.E.2d 357, 362 (Ind. Ct. App. 2007); *Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 198 (Ind. Ct. App. 2005). In addition, I can also consider extrinsic evidence in assessing an insurer's duty to defend. *See Continental Ins. Co. v. George J. Beemsterboer, Inc.*, 148 F.Supp.3d 770, 781-82 (N.D. Ind. 2015) (analyzing relevant case law and finding it appropriate to consider extrinsic evidence in assessing an insurer's duty to defend); *Selective Ins. Co. of S.C. v. Erie Ins. Exch.*, 14 N.E.3d 105, 112-13 (Ind. Ct. App. 2014).

With these legal tenets in mind, let's turn to the analysis of the facts in this case. The personal liability coverage of the policies issued by Atlantic Casualty provide for legal liability for "bodily injury" caused by an "occurrence," but only if the bodily injury occurs "during the policy period." [DE 41 ¶¶ 5-8; DE 1-2 at 16.] The terms are clearly defined, and no one disputes that the insurance contract at issue is unambiguous.

Moreover, the term of the first policy period was July 25, 2016-July 25, 2017, and J&F Construction did not obtain any new insurance coverage again from Atlantic Casualty until February 9, 2019. [DE 41 ¶¶ 1-3.] It is undisputed that the accident happened on August 2, 2017, 8 days after the first policy expired, when no other policy was in place for J&F Construction. Consequently, the "bodily injury" did not occur during the policy period of either the first policy or the 2019 Policy. As a result, there is

5

no coverage for the claims against J&F Construction in the underlying lawsuit.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Summary Judgment [DE 39] is GRANTED and it is determined as a matter of law that: (1) the Atlantic Casualty policies issued to J&F Construction, LLC do not provide coverage for the claims asserted in the lawsuit entitled *Sophia Suleiman, Individually and as Mother and Custodial Parent of her Minor Child [J.S.] v. Midwest Real Properties, et al.*, case number 45D10-1808-CT-000386 (the underlying lawsuit); and (2) Atlantic Casualty is not legally obligated to defend or indemnify J&F Construction against the underlying lawsuit. The Clerk is ORDERED to enter judgment in favor of Plaintiff, Atlantic Casualty Insurance Company, and against J&F Construction, LLC, and Sophia Suleiman, individually and as mother and custodial parent of her minor child J.S.  Finally, the Clerk is ORDERED to CLOSE this case.

SO ORDERED.

ENTERED: June 1, 2023.

      /s/   Philip P. Simon  
      PHILIP P. SIMON, JUDGE  
      UNITED STATES DISTRICT COURT